UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2026
```

HOTELS BY DAY, LLC,

                                    Plaintiff,

        v.

DAYUSE SAS,

                                    Defendant.

Case No. 1: 25-cv-04477-VM

## STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, Plaintiff Hotels By Day, LLC ("Plaintiff"), on the one hand, and Defendant DayUse SAS ("Defendant"), on the other hand (collectively, Plaintiff and Defendant are referred to herein as "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

**IT IS HEREBY ORDERED** that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

**Discovery Material May Be Designated As "Confidential" and/or "Attorneys' Eyes Only".**

1.        Any Party or other person subject to this Protective Order who receives from any other Party or person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.        The Party or other person producing any given Discovery Material or that Party or person's counsel may designate such material as "Confidential", in whole or in part, only if they determine reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3.        The Party or other person producing Confidential Discovery Material may designate as "Attorneys' Eyes Only" any portion thereof that, the producing Party or person believes in good faith, (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or (ii) product plans or development; (b) the disclosure to persons other than those authorized under paragraph 9 below is restricted by law; or (c) was previously produced in a case with an Attorneys' Eyes Only designation. The Party or other person making the designation of "Attorneys' Eyes Only" bears the burden of showing that the material so designated could not be reasonably protected through the "Confidential" designation. Any Party or other person who requests a designation of "Attorneys' Eyes Only" for a reason other than those set forth above may at any time before the trial of this action serve upon counsel for the recipient(s) of such Confidential Discovery Material a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all Parties or other persons

involved will address their dispute to the Court in accordance with Judge Victor Marrero's Individual Practices in Civil Cases.

4.      With respect to the confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the producing Party or other person or that Party's or person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility.

5.      With respect to deposition transcripts and exhibits, a producing Party or other person or that Party's or other person's counsel may designate such portion as Confidential or Attorneys Eyes Only either by

(a)      indicating on the record during the deposition that a question calls for Confidential or Attorneys Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order"; or

(b)      notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing Party or other person or that Party's or other person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential or Attorneys' Eyes Only.

6.      If at any time prior to the trial of this action, a producing Party or other person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only", such producing Party

or person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as "Confidential" or "Attorneys' Eyes Only," under the terms of this Protective Order. In addition, the producing Party or other person shall provide each other Party or other person with replacement versions of such Confidential Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only," designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials.**

7.      No Party or other person subject to this Protective Order other than the producing Party or person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      the employees and agents of the Parties to the action, provided that such disclosure is needed to assist in the prosecution, defense or settlement of this action;

(c)      counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(d)      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e)      any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)      as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(g)      any witness (other than the persons who already qualify under sub-paragraphs 7(a) – 7(f)) who counsel for a Party in good faith believes may be called to

testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i)     stenographers engaged to transcribe depositions conducted in this action;

(j)     this Court, including any appellate court, and the court reporters and support personnel for the same; and

(k)     any other person whom the producing Party or other person designating the Confidential Discovery Material as "Confidential" agrees in writing may have access to such Discovery Material provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto.

8.     Prior to the disclosure of any Discovery Material marked as "Confidential" to any person referred to in subparagraphs 7(g) or 7(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it upon request to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs 7(c), 7(d), 7(f), 7(h), 7(i), and 7(j), and the Parties' respective in-house counsel, unless the Parties agree in advance to such disclosure.

10.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (by way of example and not limitation) may not use Confidential Discovery Material for any business,

commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party or other person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any Party or other person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

11.    Nothing in this Protective Order will prevent any Party or other person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such Party or other person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing Party or other person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing Party or other person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party or other person deems it appropriate to do so.

**Objections; Filing Confidential Discovery Material in this Action.**

12.    Any Party or other person who objects to any designation of "Confidential" or "Attorneys' Eyes Only" or who, by contrast, requests still further limits on disclosure (such as "Attorneys' Eyes Only") may at any time prior to the trial of this action serve upon counsel for the designating Party or other person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for the Parties or other persons involved in the dispute will address their dispute to this Court in accordance with Judge Victor Marrero's Individual Practices in Civil Cases. The Party or other person making the designation of "Confidential" or "Attorneys' Eyes Only" bears the burden of showing that the material so designated requires the designation.

13.    Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed

with the Court with redactions or under seal. The Parties and other persons subject to this Protective Order shall follow Rule II(H) of Judge Victor Marrero's Individual Practices in Civil Cases with respect to pretrial requests for filing under seal or with redactions. The Parties shall use their best efforts to minimize such requests for redaction and sealing.

14.     All Parties and other persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been redacted, sealed, or designated as Confidential.

15.     Any Party or other person filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16.     Each Party or other person who has access to Confidential or Attorneys' Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials.**

17.     If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing Party or other person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.     If a disclosing Party or other person makes a claim of inadvertent disclosure, all receiving Parties or persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party or other person shall produce a privilege log with respect to the Inadvertently Disclosed Information. If a receiving Party or other person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal per the Court's applicable rules, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing Party or other person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit the right of any Party or other person to request an in-camera review of the Inadvertently Disclosed Information.

**Inadvertent Failure to Designate.**

20.     Production of any material without a confidentiality designation or an incorrect confidentiality designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing Party or other person from designating said material "Confidential" or "Attorneys' Eyes Only". Once redesignated, the redesignated Discovery Material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of Discovery Material, the Party or other person receiving such Discovery material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated Discovery Material from persons not entitled to receive them.  Disclosure of Discovery Material designated "Confidential" or "Attorneys' Eyes Only" to persons not authorized to receive that material prior to receipt of the redesignation shall not be deemed a violation of this Protective Order. In the event distribution has occurred to a person not under the control of a receiving Party or person, a request for return of the material, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not agreed to in writing within five (5) court days, or in the event there is no response, or in the event that the receiving Party or person, within their reasonable judgment, deems the making of the request to be a useless act, the receiving Party or person shall promptly

notify the producing Party or person of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving Party or person.

**Improper Disclosure.**

21.     If Discovery Material designated "Confidential" or "Attorneys' Eyes Only" is disclosed to any person other than in the manner authorized by this Protective Order, the receiving Party or other person responsible for the disclosure must bring all pertinent facts relating to such disclosure to the attention of the producing Party or person when such facts are learned, and without prejudice to the rights and remedies of the producing Party or person, make every effort to retrieve the improperly disclosed Confidential Discovery Material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Confidential Discovery Material.

**Protecting Personally Identifying Information.**

22.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Party or other person who receive such PII and are bound by this Protective Order in a manner that is secure and confidential. In the event that the Party or other person receiving PII experiences a data breach, she, he or it immediately shall notify the producing Party or person of the same and cooperate with the producing Party or person to address and remedy the breach. Nothing herein shall preclude the producing Party or person from asserting legal claims nor constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving Party's or person's failure to appropriately protect PII from unauthorized disclosure.

**Termination of the Litigation.**

23.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing Party or person, or, upon permission of the producing Party or person, destroyed.

**Acknowledgement of Effects of the Protective Order.**

24.     All Parties and persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. During the pendency of this case only, this Court shall retain jurisdiction over all Parties and persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

Dated: New York, NY
      June 9, 2026

By: /s/ Scott J. Sholder_____
     Scott J. Sholder
     Josef C. Ghosn
     **COWAN DEBAETS ABRAHAMS**
     **& SHEPPARD LLP**
     60 Broad Street, 30th Floor
     New York, New York 10004
     Tel.: (212) 974-7474
     Fax: (212) 974-8474
     ssholder@cdas.com
     jghosn@cdas.com
     *Attorneys for Defendant DayUse SAS*

By: /s/ David Postolski_____
     David Postolski, Esq.
     **Gearhart Law LLC**
     41 River Road
     Summit, NJ 07901
     Tel.: (908) 273-0700
     david@gearhartlaw.com
     *Attorneys for Plaintiff Hotels By Day*
     *LLC*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

_____
Victor Marrero
U.S.D.J.

Dated: June 10, 2026

-10-

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HOTELS BY DAY, LLC,<br><br>     Plaintiff,<br><br> v.<br><br>DAYUSE SAS,<br><br>     Defendant. | Case No. 1: 25-cv-04477-VM |

I, _____, acknowledge and declare that:

1.      I have read and understand the Stipulation and Protective Order (the "Protective Order") entered in the above-captioned action ("Action"), and a copy of the Protective Order has been given to me.

2.      I agree to be bound by the terms of the Protective Order and agree that any material designated as "CONFIDENTIAL" within the meaning of the Protective Order  ("Confidential Discovery Material") shall be used by me only for the purposes of this Action.

3.      I agree that I will not disclose or discuss any such Confidential Discovery Material to any other person and that I will not use such Confidential Discovery Material other than for purposes of this Action.

4.      I understand that within thirty (30) days of receipt of written notice of the final disposition of this Action, whether by judgment, settlement, or otherwise, including appeals, from the party or attorney from whom I received the Confidential Discovery Material, I shall either destroy or deliver to such person, all Confidential Discovery Material and all copies made thereof

-11-

-12-

(including summaries, excerpts, and work product that includes information obtained from any Confidential Discovery Material).

5.    By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


DATED:_____          _____